**In the Matter of Harold F. YOUNGER, Debtor.**

**Donna E. YOUNGER, Plaintiff,**

v.

**Harold F. YOUNGER, Defendant.**

**Bankruptcy No. 92–40607.
Adv. No. 92–4156.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

May 13, 1993.

John M. Tatum, Miller, Simpson & Tatum, Savannah, GA, for plaintiff.

Mark Bulovic, McCallar & Associates, Savannah, GA, for debtor/defendant.

## MEMORANDUM AND ORDER

LAMAR W. DAVIS, JR., Chief Judge.

Before the court is the Defendant/Debtor's Motion to Dismiss the complaint and his Motion to Continue that Motion. The Motion to Dismiss is based on the contention that the court lacks jurisdiction in the underlying involuntary Chapter 7 case. The Motion to Continue is based on the contention that the Debtor has a right to be present at the hearing on the Motion to Dismiss and that he could not be present because of his health.

The court will address the Motion to Continue first. Debtor suffered a heart attack on June 30, 1992, while in custody of the United States Marshal and had heart surgery in December. The hearing on the Motion to Dismiss was originally noticed for October 6, 1992, and was continued to December 3, 1992, and continued again to February 5, 1993, at the Debtor's counsel's request so that the Debtor could be present. There was no evidence before the court that the Debtor could not have appeared in February for health reasons. The Debtor is currently in Federal custody pursuant to an order under Fed.R.Bankr.P. 2005 and an order from the United States District Court holding him in civil contempt. Under the terms of both orders the Debtor is empowered to secure his own release simply by performing his legal obligations under the Bankruptcy Code. His incarceration is no excuse for his failure to have appeared at the hearing on February 5, 1993. Debtor has failed to show the "exceptional circumstances" required for a continuance under Rule 10.1 of the Local Rules of the United States District Court. The Debtor's Motion to Continue is denied.

The Motion to Dismiss similarly has no merit. On August 20, 1992, Plaintiff filed this adversary proceeding objecting to Debtor's discharge under 11 U.S.C. Section 727. Plaintiff alleged that Debtor had transferred and concealed assets, had destroyed records, and should be denied a discharge. On September 22, 1992, Debtor filed a Motion to Dismiss this adversary proceeding alleging that this court does not have jurisdiction over Defendant due to inadequate service of process in the underlying Chapter 7 case.

Relying on service by publication as provided for by Fed.R.Bank.P. 1010 an order for relief in the Chapter 7 case was entered on May 21, 1992. The Debtor has never sought to set that order aside for lack of jurisdiction of his person. After the order for relief was entered in the Chapter 7 case, United States District Court Judge Nangle, on June 16, 1992, entered an order pursuant to Fed.

R.Bank.P. 2005 directing the Debtor's apprehension. Following the Debtor's apprehension on June 25, 1992, in the Middle District of Florida, the Debtor was presented to the United States Magistrate in that District as required by Fed.R.Bank.P. 2005 and Judge Nangle's order. At that time, the Debtor did not contest the jurisdiction of the Southern District of Georgia over his person but rather consented to an order requiring his presence in the Southern District. In subsequent proceedings in the Southern District the Debtor contested the court's application of Fed. R.Bank.P. 2005 but never contested the court's jurisdiction. The Debtor appealed Judge Nangle's order dated June 16, 1992, which directed his apprehension, to the United States Court of Appeals for the Eleventh Circuit on the grounds that the order was improperly issued but he never contested jurisdiction. The Court of Appeals dismissed that appeal. The Debtor is now seeking a review of this dismissal by applying for a writ of certiorari in the United States Supreme Court without questioning jurisdiction.

The Debtor has also appealed a subsequent United States District Court order holding him in civil contempt on the grounds that the order does not limit the term of his incarceration to eighteen (18) months but does not question jurisdiction. The Eleventh Circuit entered an order on March 3, 1993, limiting the period of Debtor's incarceration to the lesser of 18 months or the duration of this bankruptcy case. Notwithstanding this history of the case, Debtor argues that these acts are insufficient to constitute a waiver of the defense.

As the court must have jurisdiction in the underlying Chapter 7 case in order to have jurisdiction over this adversary proceeding, I shall rule on the merits of the defense of insufficiency of service of process, although procedurally Debtor should have filed appropriate pleadings in the underlying Chapter 7 case in order to contest jurisdiction.

▪ I conclude that Debtor has failed to articulate any defect in this court's jurisdiction. Service of the involuntary proceeding was proper under the circumstances. On March 29, 1992, an involuntary Chapter 7 case was filed against Defendant. It appearing to the court that service upon the Debtor could not be perfected in accordance with Bankruptcy Rule 7004(a) or (b) and that Debtor was possibly evading service, I ordered that service be made by publication. *See* Order filed April 15, 1992, in the Chapter 7 case. Service was ordered by mail to Debtor's last known Savannah address and two California addresses and by publication in the *Savannah Morning News,* the *Wall Street Journal,* and the *San Diego Union Tribune.* On April 15, 1992, Plaintiff filed, in the Chapter 7 case, an Application for Restraining Order pursuant to 11 U.S.C. Section 105(a) with an attached affidavit of Plaintiff's attorney. According to the affidavit, Plaintiff's attorney discovered that Debtor had liquidated his stock accounts and transferred approximately $350,000.00 to a Jacksonville bank in violation of a Decree of the Superior Court of Chatham County. Plaintiff had discovered that Debtor moved from his Savannah address, and attempts to contact him by telephone were unsuccessful. *See* Affidavit of John Tatum, page 3. Plaintiff learned that Debtor had given his lawyer a Spring Valley, California, telephone number.

On May 21, 1992, Plaintiff filed a Proof of Service in the Chapter 7 proceeding showing that service upon the Debtor had been accomplished by publication in the *San Diego Union Tribune* and the *Savannah Morning News* and by mail at the Savannah and California addresses. *See generally* Judge Smith's order, pages 3–4, filed July 1, 1992, and attached to Defendant's Brief in Support of the Motion for Continuance, Exhibit "A", Document # 14 in Adversary Number 92–4156. This court's prior order on service was modified to delete the requirement of publication in the *Wall Street Journal. See* Amendment to Order filed May 21, 1992, in the Chapter 7 case. Since Debtor had failed to timely respond to service, an Order for Relief in the involuntary Chapter 7 case was entered on May 21, 1992. An Order requiring Debtor to file schedules in the Chapter 7 case was entered on May 26, 1992.

On November 16, 1992, Plaintiff took the deposition of Brenda Smith, Younger's friend

and alleged girlfriend. Smith's deposition previously had been scheduled for July 10, 1992, at which time Smith's attorney produced envelopes and documents mailed to Debtor at Smith's apartment. *See* Transcript of Smith Deposition filed July 20, 1992, in the Chapter 7 case. However, Smith did not testify at this deposition. Smith testified at the November deposition that she maintained contact with Debtor who frequently called her. *See* excerpt from transcript of November 16, 1992, deposition of Brenda Smith, p. 11, Exhibit "C", attached to Plaintiff's Brief in response to Defendant's Motion to Dismiss filed December 7, 1992. Further, Smith testified that Debtor had his mail forwarded to her address.

At the July deposition, Smith's attorney produced several envelopes showing that the Post Office forwarded mail from Debtor's last known Savannah address, used for service, to "Harold Younger, 1240 East Victory Drive, # 3, Savannah, GA 31404–4146," the address of Smith's apartment. Among the documents forwarded to Smith's address were the "Summons to Debtor in an Involuntary Case" and a copy of the involuntary petition post-marked April 17, 1992, the Order for Relief and Order Requiring Filing of Schedules post-marked May 27, 1992, and a notice of the commencement of the case post-marked May 31, 1992. Smith testified that she had not opened the envelopes. Transcript of Smith Deposition pp. 14–17.

At the November deposition, Smith denied informing Debtor that he had received the summons and bankruptcy court documents but testified that "he knew mail was coming to my house ... he did not know what." Transcript of Smith Deposition, p. 15. Smith testified that she had opened Debtor's mail from the Chatham County Sheriff's Department at his request but had not informed him of anything else she had received although he had his mail forwarded to her house and he was aware that she was receiving it. Transcript of Smith Deposition, p. 15. Based on this record I conclude that Defendant timely received notice of the filing of the Chapter 7 case shortly after the postmark date of April 12, 1992, which required an answer on or before May 8, 1992.

Judge Smith, in his order of July 1, 1992, also recognized that Debtor had used the bankruptcy proceeding "as a sword in San Diego, where he asserted his bankruptcy case as a defense in a civil suit ...". *See* page 5 of Judge Smith's order. On April 22, 1992, Debtor's attorney affirmatively pleaded the automatic stay as grounds to dissolve a temporary injunction obtained by Plaintiff, which prevented Debtor's access to certain bank accounts. *Id.* Thus, it is clear that Debtor had actual notice of the bankruptcy proceeding on or before April 22, 1992, long before the answer date of May 8th or the order for relief of May 21, 1992.

 In order to provide procedural due process, service must be reasonably calculated to provide actual notice of a proceeding. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *See generally Pennoyer v. Neff,* 95 U.S. 714, 726, 24 L.Ed. 565 (1877). The notice given must be reasonably calculated under all the circumstances to give a party time to respond. *Mullane,* 70 S.Ct. at 657–658. Service by publication is not a preferred method of service but is proper where a party cannot be served by any other means. *Wright & Miller, Federal Practice and Procedure,* Civil 2d § 1074. A plaintiff requesting service by publication must show that diligent efforts were used to locate the opposing party and to serve him by conventional methods. Service by publication will be upheld where there are no other practicable means of service. *Wright & Miller,* § 1074, note 18.

Plaintiff's service was reasonably calculated to provide notice under the circumstances. Service was attempted by mail at the last known addresses of Debtor, and the service by publication was completed through newspapers in the two areas where Debtor was last known to be located. The testimony of Brenda Smith revealed that the summons was forwarded to her apartment and was received as instructed by Debtor. Judge Smith in his July 1, 1992, order noted the "diligent" efforts of counsel and concluded that:

Mrs. Younger and her attorney went beyond all reasonable requirements in their

effort to ensure that Mr. Younger was properly served with the petition, the order for relief, and the various orders commanding his appearance for examination. The evidence proffered at the Rule 2005 hearing, which was uncontroverted by the debtor, establishes that he did in fact receive notice of the bankruptcy proceeding despite his calculated efforts to avoid service.

*See* Judge Smith's order, pages 6–7. Service by publication was certainly reasonable considering Debtor's attempts to evade other methods of service. Although Judge Smith's conclusions regarding service may not be conclusive as to this motion I find the record similarly compelling. A copy of the Summons dated April 15, 1992, was served by mail and publication. *See* Proof of Service filed May 21, 1992, in the Chapter 7. This Summons required Debtor to file an answer on or before May 8, 1992. Debtor received actual notice of the proceedings no later than April 22, 1992, when he asserted the automatic stay before a California court; he had ample time to respond to the Summons and chose not to do so. This court clearly has jurisdiction over the Debtor in this adversary proceeding and in the involuntary case. In light of the foregoing, I deny Debtor's Motion for a Continuance and deny his Motion to Dismiss.

### *ORDER*

Pursuant to the foregoing, IT IS HEREBY THE ORDER OF THIS COURT that Debtor's Motion for a Continuance is denied.

ORDERED FURTHER that Debtor's Motion to Dismiss is denied.